**[J-80-2024]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**MIDDLE DISTRICT**


DAVID H. ZIMMERMAN AND KATHY L. RAPP,

          Appellants

          v.

AL SCHMIDT, IN HIS OFFICIAL CAPACITY AS ACTING SECRETARY OF THE COMMONWEALTH OF PENNSYLVANIA, THE COMMONWEALTH OF PENNSYLVANIA, DEPARTMENT OF STATE, ADAMS COUNTY BOARD OF ELECTIONS, ALLEGHENY COUNTY BOARD OF ELECTIONS, ARMSTRONG COUNTY BOARD OF ELECTIONS, BEAVER COUNTY BOARD OF ELECTIONS, BEDFORD COUNTY BOARD OF ELECTIONS, BERKS COUNTY BOARD OF ELECTIONS, BLAIR COUNTY BOARD OF ELECTIONS, BRADFORD COUNTY BOARD OF ELECTIONS, BUCKS COUNTY BOARD OF ELECTIONS, BUTLER COUNTY BOARD OF ELECTIONS, CAMBRIA COUNTY BOARD OF ELECTIONS, CAMERON COUNTY BOARD OF ELECTIONS, CARBON COUNTY BOARD OF ELECTIONS, CENTRE COUNTY BOARD OF ELECTIONS, CHESTER COUNTY BOARD OF ELECTIONS, CLARION COUNTY BOARD OF ELECTIONS, CLEARFIELD COUNTY BOARD OF ELECTIONS, CLINTON COUNTY BOARD OF ELECTIONS, COLUMBIA COUNTY BOARD OF ELECTIONS, CRAWFORD COUNTY BOARD OF ELECTIONS, CUMBERLAND COUNTY BOARD OF ELECTIONS, DAUPHIN COUNTY BOARD OF

No. 63 MAP 2024

Appeal from the Order of the Commonwealth Court at No. 33 MD 2024 dated August 23, 2024.

SUBMITTED: September 9, 2024

ELECTIONS, DELAWARE COUNTY :
BOARD OF ELECTIONS, ELK COUNTY :
BOARD OF ELECTIONS, ERIE COUNTY :
BOARD OF ELECTIONS, FAYETTE :
COUNTY BOARD OF ELECTIONS, :
FOREST COUNTY BOARD OF :
ELECTIONS, FRANKLIN COUNTY BOARD :
OF ELECTIONS, FULTON COUNTY :
BOARD OF ELECTIONS, GREENE :
COUNTY BOARD OF ELECTIONS, :
HUNTINGDON COUNTY BOARD OF :
ELECTIONS, INDIANA COUNTY BOARD :
OF ELECTIONS, JEFFERSON COUNTY :
BOARD OF ELECTIONS, JUNIATA :
COUNTY BOARD OF ELECTIONS, :
LYCOMING COUNTY BOARD OF :
ELECTIONS, LACKAWANNA COUNTY :
BOARD OF ELECTIONS, LANCASTER :
COUNTY BOARD OF ELECTIONS, :
LAWRENCE COUNTY BOARD OF :
ELECTIONS, LEBANON COUNTY BOARD :
OF ELECTIONS, LEHIGH COUNTY :
BOARD OF ELECTIONS, LUZERNE :
COUNTY BOARD OF ELECTIONS, :
MCKEAN COUNTY BOARD OF :
ELECTIONS, MERCER COUNTY BOARD :
OF ELECTIONS, MIFFLIN COUNTY :
BOARD OF ELECTIONS, MONROE :
COUNTY BOARD OF ELECTIONS, :
MONTGOMERY COUNTY BOARD OF :
ELECTIONS, MONTOUR COUNTY BOARD :
OF ELECTIONS, NORTHAMPTON :
COUNTY BOARD OF ELECTIONS, :
NORTHUMBERLAND COUNTY BOARD :
OF ELECTIONS, PERRY COUNTY BOARD :
OF ELECTIONS, PHILADELPHIA COUNTY :
BOARD OF ELECTIONS, PIKE COUNTY :
BOARD OF ELECTIONS, POTTER :
COUNTY BOARD OF ELECTIONS, :
SCHUYLKILL COUNTY BOARD OF :
ELECTIONS, SNYDER COUNTY BOARD :
OF ELECTIONS, SOMERSET COUNTY :
BOARD OF ELECTIONS, SULLIVAN :
COUNTY BOARD OF ELECTIONS, :
SUSQUEHANNA COUNTY BOARD OF :
ELECTIONS, TIOGA COUNTY BOARD OF :

ELECTIONS, UNION COUNTY BOARD OF ELECTIONS, VENANGO COUNTY BOARD OF ELECTIONS, WARREN COUNTY BOARD OF ELECTIONS, WASHINGTON COUNTY BOARD OF ELECTIONS, WAYNE COUNTY BOARD OF ELECTIONS, WESTMORELAND COUNTY BOARD OF ELECTIONS, WYOMING COUNTY BOARD OF ELECTIONS, AND YORK COUNTY BOARD OF ELECTIONS,

:
:
:
:
:
:
:
:
:
:
:
:

Appellees                                    :

## CONCURRING STATEMENT

**JUSTICE BROBSON**                                    **FILED: September 25, 2024**

I join the majority's disposition in full. I write separately to highlight the importance of participation by an attorney from the Pennsylvania Office of Attorney General (OAG) in all matters challenging the constitutionality of laws of this Commonwealth. As many know, the Commonwealth Attorneys Act imposes a mandatory duty on the Pennsylvania Attorney General "to uphold and defend the constitutionality of all statutes so as to prevent their suspension or abrogation in the absence of a controlling decision by a court of competent jurisdiction." *See* Section 204(a)(3) of the Commonwealth Attorneys Act, 71 P.S. § 732-204(a)(3). This unambiguous law ensures that whenever anyone lodges a constitutional challenge in court to a statute of this Commonwealth, which is presumed constitutional until found otherwise by a court, there will always be a party adverse to the plaintiff to defend the statute. *See Commonwealth v. Rollins*, 292 A.3d 873, 879 (Pa. 2023) ("[L]egislative exactments are presumed constitutional, and the party challenging the constitutionality of a statute bears a heavy burden of persuasion."). As Justice Wecht has observed, "the adversarial process is one in which legal disputes are resolved by having the parties present their *conflicting views of fact and law* before an

impartial and relatively passive decision-maker." *Quigley v. Unemployment Comp. Bd. of Rev.*, 263 A.3d 574, 601 (Pa. 2021) (Wecht, J., concurring) (emphasis added).

So important is this statutory duty to our adversarial process that our Court has enacted rules of procedure requiring that the party challenging the constitutionality of a statute give notice to the Attorney General and authorizing the Attorney General to intervene without the necessity of applying for intervention. *See* Pa.R.Civ.P. 235; Pa.R.A.P. 521. The duty under our rules to notify the Attorney General of a claim or action that calls into question the constitutionality of a statute and the Attorney General's mandatory duty to appear and defend the statute from constitutional attack go hand-in-hand.

Here, the OAG is participating in this matter as counsel to Respondents Al Schmidt, in his official capacity as Secretary of State for the Commonwealth, and the Department of State. For the above-stated reasons, it is important in proceedings such as these, where the constitutionality of enacted legislation is at issue, that the OAG appears and *defends* the constitutionality of the challenged statutes. Contrarily, it would, in my view, run afoul of the General Assembly's intent, so clearly stated in the Commonwealth Attorneys Act, for the Attorney General to either side with the challengers in such litigation or to simply not appear at all to defend the laws of this Commonwealth from constitutional attacks. In this case, the Attorney General fulfilled her mandatory statutory duty.